IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a <br> BLACKBIRD TECHNOLOGIES, <br><br> Plaintiff, <br><br> v. <br><br> E.L.F. BEAUTY, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civ. No. 19-1150-CFC <br> ) <br> ) <br> ) <br> ) |

## **MEMORANDUM ORDER**

Defendant E.L.F. Cosmetics, Inc. (ELF) has moved pursuant to 28 U.S.C. § 1404(a) to transfer to the Northern District of California this patent action filed by Plaintiff Blackbird Tech LLC d/b/a Blackbird Technologies.

Blackbird, a Delaware limited liability company, could have filed this case in either Delaware or the Northern District, as ELF is a Delaware corporation with headquarters in the Northern District. ELF sells the sponges accused of infringement in numerous states, including Delaware. The sponges are made in China. The inventor of the sponges resides in the Northern District.

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to

any other district or division where it might have been brought." 28 U.S.C. § 1404(a). As the party seeking the transfer, ELF has the burden "to establish that a balancing of proper interests weigh[s] in favor of the transfer." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). This burden is heavy. "[U]nless the balance of convenience of the parties is *strongly* in favor of [the] defendant, the plaintiff's choice of forum should prevail." *Id.* (emphasis in original) (internal quotation marks and citation omitted).

The proper interests to be weighed in deciding whether to transfer a case under § 1404(a) are not limited to the three factors recited in the statute (i.e., the convenience of the parties, the convenience of the witnesses, and the interests of justice). *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Although there is "no definitive formula or list of the factors to consider" in a transfer analysis, the court in *Jumara* identified 12 interests "protected by the language of § 1404(a)." *Id.* Six of those interests are private:

> [1] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* (citations omitted). The other six interests are public in nature:

2

> [7] the enforceability of the judgment; [8] practical
> considerations that could make the trial easy, expeditious,
> or inexpensive; [9] the relative administrative difficulty
> in the two fora resulting from court congestion; [10] the
> local interest in deciding local controversies at home;
> [11] the public policies of the fora; and [12] the
> familiarity of the trial judge with the applicable state law
> in diversity cases.

*Id.* at 879–80 (citations omitted). As the parties have not identified relevant factors beyond these 12 interests, I will balance the *Jumara* factors in deciding whether to exercise the discretion afforded me by § 1404(a).

**1. Plaintiff's Forum Preference**

This factor clearly weighs against transfer. Blackbird argues that this factor is "the most important factor" and should be given "heightened weight." D.I. 24 at 9–10. ELF, citing *Blackbird Tech LLC v. TuffStuff Fitness, Int'l, Inc.*, 2017 WL 1536394 (D. Del. Apr. 27, 2017) ("*Blackbird I*") and *Blackbird Tech LLC v. Cloudflare, Inc.*, 2017 WL 4543783 (D. Del. Oct. 11, 2017) ("*Blackbird II*"), counters that Blackbird's forum preference "does not merit substantial or paramount weight" and only "weighs *minimally* against transfer," because Blackbird is a non-practicing entity with minimal connections to Delaware. D.I. 21 at 10 n.4 (emphasis in original).

In *Shutte*, the Third Circuit held that "[i]t is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a

3

transfer request" brought pursuant to § 1404(a), and that this choice "should not be lightly disturbed." 431 F.2d at 25 (internal quotation marks and citation omitted). The parties have not cited and I am not aware of any Third Circuit or United States Supreme Court case that overruled *Shutte*. *Jumara* cited *Shutte* favorably and reiterated *Shutte*'s admonition that "the plaintiff's choice of venue should not be lightly disturbed." *Jumara*, 55 F.3d at 879 (internal quotation marks and citation omitted). Thus, binding Third Circuit law compels me to treat Blackbird's forum choice as "a paramount consideration" in the § 1404(a) balancing analysis.

Unlike the judges in *Blackbird I* and *Blackbird II*, I am not persuaded that Blackbird's choice should be discounted or minimized because it has limited physical connections with Delaware. I will instead follow Judge Stapleton's lead in *Burroughs Wellcome Co. v. Giant Food, Inc.*, 392 F. Supp. 761 (D. Del. 1975). Like Judge Stapleton, I read *Shutte*'s "statement of 'black letter law' as an across-the-board rule favoring plaintiff's choice of forum." *Id.* at 763. As Judge Stapleton explained in rejecting the "home-turf" rule argued by the defendant in *Burroughs*:

> The court's decision in *Shutte* to give weight to the plaintiff's choice of forum is not an application of any of the criteria recited in [§ 1404(a)]. Assuming jurisdiction and proper venue, weight is given to plaintiff's choice because it is plaintiff's choice and a strong showing under the statutory criteria in favor of another forum is then required as a prerequisite to transfer. One can perhaps debate whether plaintiff's choice should be given any

4

> weight at all in a transfer context, but assuming it is to be given some weight in cases where the plaintiff lives in the forum state, it is difficult to see why it should not also be given weight when the plaintiff lives in [another] state. . . . [The] plaintiff's contact or lack thereof with the forum district will ordinarily be reflected in the 'balance' of conveniences, but that contact, per se, is unrelated to anything in *Shutte*, or Section 1404(a).

*Id.* at 763 n.4.

I, too, find it difficult to understand why the plaintiff's forum choice in and of itself merits less weight when the plaintiff has no ties to the selected forum or even when the facts underlying the controversy occurred elsewhere. I do not mean to suggest that these two latter considerations will not impact the overall transfer analysis. On the contrary, because these considerations are subsumed and given weight under *Jumara* factors 3 (whether the claim arose elsewhere), 4 (convenience of the parties), 5 (convenience of the witnesses), 6 (location of books and records), 8 (practical considerations that could make the trial easy, expeditious, or inexpensive), and 10 (the local interest in deciding local controversies at home), a defendant seeking to transfer a case when neither the plaintiff nor the facts giving rise to the case have any connection to the selected forum will generally have less difficulty in meeting its burden to establish that the *Jumara* factors weigh strongly in favor of transfer.

I do not believe that the Federal Circuit's opinion in *In re Link_A_Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011) compels a different conclusion. In

5

*Link_A_Media*, the Federal Circuit vacated this court's denial of a § 1404(a) motion to transfer a patent case filed here by a non–United States company. *Id.* at 1222. The Federal Circuit held that this court committed a "fundamental error [in] making [the plaintiff's] choice of forum and the fact of [the defendant's] incorporation in Delaware effectively dispositive of the transfer inquiry." *Id.* at 1223. Although the Federal Circuit did not cite *Shutte* in *Link_A_Media*, it applied Third Circuit law and noted that "[t]o be sure, the Third Circuit places significance on a plaintiff's choice of forum." *Id.*

In dicta in *Link_A_Media*, the court noted that "[w]hen a plaintiff brings its charges in a venue that is not its home forum, . . . that choice of forum is entitled to less deference." *Id.* I understand this statement, however, to apply only when the plaintiff, like the plaintiff in *Link_A_Media*, is a non–United States company. I draw this inference because the court cited in support of its statement two Supreme Court decisions, *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007) and *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981), neither of which involved transfer motions brought pursuant to § 1404(a). Rather, in both *Sinochem* and *Piper Aircraft*, the Supreme Court reviewed dismissals of actions filed by non–United States plaintiffs based on the common-law *forum non conveniens* doctrine. As the Court explained in *Piper Aircraft*, "1404(a) transfers are different than dismissals on the ground of *forum non conveniens*." 454 U.S. at 253. Unlike §

6

1404(a), "[t]he common-law doctrine of *forum non conveniens* has continuing application [in federal courts] only in cases where the alternative forum is abroad, and perhaps in rare instances where a state or territorial court serves litigational convenience best." *Sinochem,* 549 U.S. at 430 (second alteration in original) (internal quotation marks and citation omitted). The doctrine "is designed in part to help courts avoid conducting complex exercises in comparative law" and thus enables a district court to dismiss the case where it would be otherwise "required to untangle problems in conflict of laws, and in law foreign to itself." *Piper Aircraft,* 454 U.S. at 251 (internal quotation marks and citation omitted). Because these concerns about foreign law and comparative law issues are not implicated by a § 1404(a) transfer motion in a patent case filed by a domestic plaintiff, I understand *Link_A_Media* to say that a plaintiff's forum choice in a patent case merits "less deference" for § 1404(a) purposes only if the plaintiff does not reside in the United States.

In this case, Blackbird is a domestic entity—indeed, a Delaware entity—and therefore I will follow *Shutte* and give Blackbird's forum choice paramount consideration in balancing the *Jumara* factors.

**2. Defendant's Forum Preference**

This factor favors transfer.

7

### 3. Whether the Claim Arose Elsewhere

This factor weighs against transfer. It is undisputed that ELF sold the accused products in Delaware. ELF argues that its Delaware sales totaled only $7,000, but I find that fact of no consequence because those sales, regardless of their dollar value, give rise to the asserted infringement claims.

### 4. The Convenience of the Parties as Indicated by Their Relative Physical and Financial Condition

This factor is neutral. "[A]bsent some showing of a unique or unexpected burden, a company should not be successful in arguing that litigation in its state of incorporation is inconvenient." *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 573 (D. Del. 2001). Blackbird is based in Massachusetts, which is closer to Delaware than it is to California. The sponges in question are made in China, not California; and at least one former ELF employee who was involved in the design of the accused products and whom ELF deemed important enough to identify as bearing on this case now resides in New York, which is also closer to Delaware than it is to California. ELF says that "[t]o the extent any current [ELF] personnel in the United States were involved in the design, development, and/or selection of the Accused Sponge, such personnel work" in the Northern District. D.I. 23 ¶ 15. Blackbird, however, has agreed to take any depositions of ELF employees in the Northern District and I will require it to do so.

### 5. The Convenience of the Witnesses

This factor, which carries weight "only to the extent that the witnesses may actually be unavailable for trial in one of the fora," *Jumara*, 55 F.3d at 879, is neutral. "[W]itnesses who are employed by a party carry no weight," because "each party is able, indeed, obligated to procure the attendance of its own employees for trial." *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 203 (D. Del. 1998). ELF points to no witness who would not be available for trial in Delaware. ELF argued in its opening brief filed in support of its motion that the inventor of the asserted patent resides in the Northern District. But in a sworn declaration submitted in support of Blackbird's opposition brief, the inventor agreed to make himself available for trial in Delaware. D.I. 26 ¶ 3.

### 6. The Location of Books and Records

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.* 566 F.3d 1338, 1345 (Fed. Cir. 2009). *Jumara*, however, instructs me to give weight to the location of books and records only "to the extent that the files [and other documentary evidence] could not be produced in the alternative forum." 55 F.3d at 879. ELF has not identified any evidence that could not be produced in Delaware; nor has it shown that the documentary evidence relevant to this action is

9

found exclusively in the Northern District of California. Given the advances in technology that have reduced the burdens associated with producing records in a distant district and the Third Circuit's instruction in *Jumara* to focus on whether the records in question cannot be produced in the competing fora, *see Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 757 (D. Del. 2012), *mandamus denied sub nom. In re Altera Corp.*, 494 F. App'x 52 (Fed. Cir. 2012), I find that this factor weighs in favor of transfer but I will give the factor only minimal weight.

### 7. Enforceability of the Judgment

This factor is neutral, as judgments from this District and the Northern District of California would be equally enforceable.

### 8. Practical Considerations

*Jumara* instructs me to give weight to "practical considerations that could make the trial easy, expeditious, or inexpensive." 55 F.3d at 879. Although I did not consider issues of economic cost and logistical convenience with respect to potentially relevant ELF employees when I assessed the "witness convenience" factor, it is appropriate to consider these issues in assessing "practical considerations." *See Joao Control & Monitoring Sys., LLC v. Ford Motor Co.*, 2013 WL 4496644, at *7 (D. Del. Aug. 21, 2013); *Mitel Networks Corp. v. Facebook, Inc.*, 943 F. Supp. 2d 463, 475–76 (D. Del. 2013). That said, given the

relative size of ELF's parent company (e.l.f. Beauty, Inc,, which claims approximately $435 million in assets), and the fact that all depositions of ELF employees will occur in the Northern District, this factor weighs only slightly in favor of transfer.

### 9. Relative Administrative Difficulty Due to Court Congestion

This factor is neutral.

### 10. Local Interest in Deciding Local Controversies at Home

The local controversy factor is neutral. First, "[p]atent issues do not give rise to a local controversy or implicate local interests." *TriStata Tech., Inc. v. Emulgen Labs., Inc.*, 537 F. Supp. 2d 635, 643 (D. Del. 2008). Second, ELF's dispute with Blackbird, which does not reside in California, is not a "local controversy" in the Northern District. One could fairly conclude that this factor weighs against transfer because this action involves a dispute between Delaware entities; but I will treat this factor as neutral because the parties' status as Delaware entities bears on the next factor.

### 11. Public Policies of the Fora

Delaware's public policy encourages Delaware entities to resolve their disputes in Delaware courts. *Round Rock Research, LLC v. Dell, Inc.*, 904 F. Supp. 2d 374, 378 (D. Del. 2012). ELF has not cited any countervailing California public policy. Thus, this factor weighs against transfer. *See Intellectual Ventures,*

11

842 F. Supp. 2d at 760; *see also In re Altera Corp.,* 494 F. App'x at 53 ("the relevant inquiry [in the transfer analysis] is broad enough to include the Delaware court's interest in resolving disputes involving its corporate citizens").

### 12. Familiarity of the Trial Judges with the Applicable State Law in Diversity Cases

Blackbird's claims arise under the federal patent laws. Therefore, the familiarity of the respective districts with state law is not applicable and this factor is neutral.

* * * *

In sum, of the 12 *Jumara* factors, six are neutral, three weigh against transfer, and three weigh in favor of transfer. Of the three factors that weigh against transfer, one is of paramount importance. Of the three factors that weigh in favor of transfer, one weighs only slightly in favor of transfer and one deserves only minimal weight. Of the six neutral factors, one actually weighs against transfer, but I have treated it as neutral because it overlaps with another factor that weighs against transfer.

Having considered the factors in their totality and treated Blackbird's choice of this forum as a paramount consideration, I find that ELF has failed to demonstrate that the *Jumara* factors weigh strongly in favor of transfer.

WHEREFORE, in Wilmington, this Fourth day of May in 2020:

**IT IS HEREBY ORDERED** that the Defendant E.L.F. Cosmetics. Inc.'s Motion to Transfer (D.I. 20) is **DENIED**.

_____
CONNOLLY, UNITED STATES DISTRICT JUDGE